UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAO HAN,<br><br>        Plaintiff,<br><br>    v.<br><br>TRACY TARANGO, et al.,<br><br>        Defendants. | Case No. 23-cv-06159-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 24, 28 |

Tao Han ("Mr. Han") alleges Defendants arbitrarily and unlawfully determined Mr. Han inadmissible for an H-1B visa pursuant to 8 U.S.C. §1182(a)(6)(C) and seeks to compel Defendants to withdraw the inadmissibility finding. (Dkt. No. 1 ¶¶ 3, 6.)[1] Defendants' motion to dismiss the complaint is now pending before the Court. (Dkt. No. 24.) After carefully considering the parties' submissions and having had the benefit of oral argument on June 20, 2024, the Court GRANTS Defendants' motion to dismiss. Mr. Han fails to state a claim upon which relief can be granted because the doctrine of consular nonreviewability bars his claims and as a nonresident alien the Fifth Amendment does not apply to him.

**BACKGROUND**

Mr. Han worked for Cadence Design Systems in San Jose, California on an H-1B visa, a nonimmigrant work visa. (Dkt. No. 1 ¶ 26.) Unknown to Mr. Han, sometime between 2020 and 2021, United States Citizenship and Immigration Services ("USCIS") made a fraud finding against him pursuant to Immigration and Nationality Act ("INA") section 212(a)(6)(c)(i). (*Id.* ¶ 28.) Mr. Han returned to China in December 2021 to visit his ailing father and continue his work remotely.

---

[1] Record citations are to material in the Electronic Case File ("EFC"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  (*Id.* ¶ 29.)  A few months later, while still in China, Mr. Han applied for another H-1B visa.  (*Id.* ¶
2  29.)  The Department of State, through its China consular office, denied Mr. Han's visa
3  application based on the USCIS fraud finding.  (*Id.* ¶¶ 28, 31.)  Though Mr. Han contested the
4  fraud finding, to the best of Mr. Han's knowledge it remains in his federal records.  (*Id.* ¶¶ 32, 33.)
5  Consequently, Mr. Han is unable to obtain a new work visa to temporarily reside in San Jose,
6  California.  (*Id.* ¶ 55.)

7  Mr. Han makes claims against USCIS and the United States Department of Homeland
8  Security under the Administrative Procedures Act ("APA") seeking judicial review of the
9  inadmissibility finding (Counts I and III) and for violation of his Fifth Amendment due process
10  rights (Count II).

## LEGAL STANDARD

12  A Rule 12(b)(6) motion challenges the sufficiency of a complaint for failure to allege
13  "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,
14  550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual
15  content that allows the court to draw the reasonable inference that the defendant is liable for the
16  misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court ruling on a Rule
17  12(b)(6) motion must "accept factual allegations in the complaint as true and construe the
18  pleadings in the light most favorable to the non-moving party."  *Manzarek v. St. Paul Fire & Mar.*
19  *Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## DISCUSSION

21  **I.   Consular Nonreviewability Bars Mr. Han's APA Claims**

22  "[O]rdinarily, a consular official's decision to deny a visa to a foreigner is not subject to
23  judicial review."  *Allen v. Milas*, 896 F.3d 1094, 1104 (9th Cir. 2018) (cleaned up).  This rule of
24  consular nonreviewability "is based on the recognition that the power to exclude or expel aliens, as
25  a matter affecting international relations and national security, is vested in the Executive and
26  Legislative branches of government."  *Id.* (cleaned up).  "[T]he only standard by which [courts]
27  can review the merits of a consular officer's denial of a visa is for constitutional error*.*"  *Allen*, 896
28  F.3d at 1097 (cleaned up).

United States District Court
Northern District of California

Mr. Han as a nonresident alien residing in China whose visa application was denied by a consular office has no constitutional right of entry into the United States. *See Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972); *see also Kerry v. Din*, 576 U.S. 86, 88 (2015) ("[B]ecause [the plaintiff] is an unadmitted and nonresident alien, he has no right of entry into the United States, and no cause of action to press in furtherance of his claim for admission."). "[S]o, he personally has no ability to bring a cause of action challenging his denial of admission." *Khachatryan v. Blinken*, 4 F.4th 841, 849 (9th Cir. 2021) (cleaned up). "[W]here, as here, the denial of a visa to an unadmitted and nonresident alien is at issue, the exception to consular nonreviewability involving constitutional claims only applies when the denial of a visa allegedly burdens the constitutional rights *of a U.S. citizen*." *Khachatryan*, 4 F.4th at 850 (cleaned up). Mr. Han is neither a U.S. citizen nor has he alleged the denial of his visa burdens the constitutional rights of a U.S. citizen. Accordingly, the doctrine of consular nonreviewability bars Mr. Han's claims.

Mr. Han's decision to sue USCIS rather than the State Department does not insulate his claims from the doctrine of consular nonreviewability. *See Algzaly v. Blinken*, No. 21-16375, 2022 WL 2235785, at *2 (9th Circ. June 22, 2022) ("Bringing an APA claim against USCIS rather than the State Department, does not overcome the consular nonreviewability doctrine."). Nor does the allegation that the consular official's visa denial was based on an improper USCIS fraud finding make the doctrine inapplicable. *See id.* at *2 (citing *Bustamante v. Mukasey*, 531 F.3d 1059, 1062 (9th Cir. 2008)); *see also Thatikonda v. U.S. Dep't of Homeland Sec.*, No. 21-1564, 2022 WL 425013, at *6 (D.D.C. Feb. 11, 2022) ("[The plaintiff]'s suit is barred by the doctrine of consular nonreviewability. Just as it made no difference that Matushkina challenged the CBP finding of inadmissibility, it makes no difference here that [the plaintiff] purports to attack a USCIS finding."). "The doctrine of consular nonreviewability applies even 'where a plaintiff attempts to circumvent the doctrine by claiming that [he] is not seeking a review of the consular officer's decision, but is challenging some other, related aspect of the decision'" because a plaintiff's "challenge to the USCIS finding cannot be divorced from [their] attack on the consular officer's decision to deny [their] visa." *Thatikonda*, 2022 WL 425013, at *6 (quoting *Malyutin v. Rice*, 677 F. Supp. 2d 43, 46 (D.D.C. 2009)); *see also Algzaly*, 2022 WL 2235785, at *2 ("[t]he

3

1  district court's denial of leave to amend to assert an APA claim was not an abuse of discretion"
2  because the "APA does not provide for review of a United States Citizenship and Immigration
3  Services ('USCIS') denial of a waiver of inadmissibility based on a consular officer's denial of a
4  visa."). The doctrine of consular nonreviewability applies whether Mr. Han is challenging the
5  consular office's visa denial, the USCIS fraud finding underpinning the visa denial, or the USCIS
6  refusal to waive Mr. Han's inadmissibility. *See Algzaly*, 2022 WL 2235785, at *2.

Mr. Han's reliance on *Mann v. Holder* to argue the Court has subject matter jurisdiction because a permanent admissibility ban under § 1182(a)(6)(C)(i) constitutes a "concrete collateral consequence" is misplaced. No. 12-1926, 2013 WL 2664260, *4-5 (E.D. Cal. June 12, 2013). *Mann* involved judicial review of a USCIS decision to deny a plaintiff who was in the United States a green card when the plaintiff's wife and child were United States citizens. *Id.* at *1. Because the plaintiff in *Mann* was not seeking entry into the United States, the doctrine of consular nonreviewability did not apply. Unlike in *Mann*, Mr. Han seeks entry into the United States, so the doctrine of consular nonreviewability applies.

Mr. Han's reliance on *Khachatryan v. Pompeo* is also misplaced. No. 18-1358, 2018 WL 6190591, at *3-4 (C.D. Cal. June 8, 2018). In *Khachatryan*, the court found "it clearly ha[d] subject matter jurisdiction" over the plaintiff's challenge to a fraud finding under § 1182(a)(6)(C)(i) "given [the U.S. citizen plaintiff's] presence." *Id.* at *4; *see also id.* at *1 ("Given the presence of Danuns, a U.S. citizen, the Court has subject matter jurisdiction over the action in its entirety."). Here, there exists no U.S. citizen plaintiff. And, in any event, on appeal the Ninth Circuit held the noncitizen plaintiff's claims were barred by the doctrine of consular nonreviewability. *Khachatryan*, 4 F.4th at 850 ("[T]he rule of consular nonreviewability bars all of [the noncitizen plaintiff's] claims and [] it also bars [the citizen plaintiff's] claims *except* to the extent that his claims are based on a cognizable violation of his own constitutional rights."). So, neither *Mann* nor *Khachatryan* support Mr. Han's argument consular nonreviewability does not apply to his claims.

4

Accordingly, the Court DISMISSES without leave to amend Mr. Han's first and third claims seeking judicial review under the APA of USCIS's fraud finding as barred by the doctrine of consular nonreviewability.

## II. Mr. Han Lacks Fifth Amendment Rights

"A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994). "[A]n alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982). While an alien may acquire constitutional rights after gaining entry into our country and developing ties that "go with permanent residence," an alien must be a "continuously present resident alien" to be entitled to due process protections. *Id.*

As an unadmitted nonresident alien applying for a nonimmigrant visa, Mr. Han has no constitutional right of entry into the United States. *See Mandel*, 408 U.S. at 762; *see also Kerry*, 576 U.S. at 88 ("[B]ecause [the plaintiff] is an unadmitted and nonresident alien, he has no right of entry into the United States, and no cause of action to press in furtherance of his claim for admission."). Because Mr. Han has no constitutional right of entry into the United States, he fails to allege deprivation of a protected interest sufficient to state a due process claim. *See Does 1 through 16 v. U.S. Dep't of Homeland Sec.*, 843 F. App'x 849, 852 (9th Cir. 2021) ("Well settled law, however, precludes the [plaintiffs] from arguing that they have a protected interest in obtaining or continuing to hold a visa.").

Accordingly, the Court DISMISSES Mr. Han's due process claim without leave to amend because Mr. Han fails to allege deprivation of a protected liberty interest.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss Mr. Han's complaint in its entirety without leave to amend. A separate judgment will be entered.

This Order disposes of Docket Nos. 24 and 28.

**IT IS SO ORDERED.**

Dated: June 25, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

6